## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

_____
)
Gary A. Hebda and Deborah L. Hebda,   )
)
               Plaintiffs,    )
)
        vs.          )    1:14-cv-4318 (LTS) (HBP)
)
)    **INITIAL CONFERENCE REPORT**
)
Davis Selected Advisers, L.P., and    )
Davis Selected Advisers-NY, Inc.,    )
)
             Defendants.   )
_____)

Pursuant to the Initial Conference Order, dated July 14, 2014, and consistent with Fed. R. Civ. P. 26(f) and the October 2011 Judicial Improvements Committee Report Concerning the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York ("Pilot Project Procedures"), Plaintiffs Gary A. Hebda and Deborah L. Hebda (together, "Plaintiffs") and Defendants Davis Selected Advisers, L.P., and Davis Selected Advisers-NY, Inc. (together, "Defendants") respectfully submit this Initial Conference Report in advance of the Initial Conference scheduled for September 18, 2014.

Counsel for the parties have conferred with respect to the items listed in Paragraphs (4) and (5) of the Initial Conference Order. This Report summarizes the parties' positions and proposals with respect to each of the topics identified in Paragraph (5) of the Initial Conference Order.

I.     **The Parties' Positions on Items A-D in Paragraph (5) of the Initial Conference Order**

A.     **Concise Statement of the Nature of This Action**

Plaintiffs bring this action on behalf of and for the benefit of the Davis New York Venture Fund (the "Fund").  Plaintiffs assert a single claim against Defendants pursuant to Section 36(b) of the Investment Company Act of 1940 (the "1940 Act"), 15 U.S.C. § 80a-35(b).

Defendants are the investment adviser and subadviser to the Fund.  Under Section 36(b), Defendants owe a fiduciary duty to the Fund with respect to their receipt of compensation from the Fund.  Plaintiffs allege that Defendants breached their fiduciary duty under Section 36(b) by charging the Fund investment advisory fees that are disproportionate to the services provided by Defendants and outside the range of fees that could have been negotiated at arm's length for Defendants' services.

Plaintiffs allege, among other things, that the investment advisory fees charged to the Fund are as much as 96% higher than the rates negotiated at arm's length by Defendants with other independent mutual funds (the "Subadvised Funds") for the same or substantially the same investment advisory services.  Plaintiffs also allege that, under Defendants' management, the Fund's investment performance has lagged behind both its benchmark and the investment performance of other, purportedly comparable mutual funds over the last ten years.  Finally, Plaintiffs allege that, despite the Fund's poor investment performance, its Board of Directors has continued to approve the Fund's investment advisory agreement with Defendants on an annual basis at above-market fee rates.

Plaintiffs bring this action to recover for the Fund the allegedly excessive investment advisory fees charged in violation of Section 36(b), as well as any lost profits and other actual damages caused by the Fund's payment of those fees.

Defendants deny that they violated Section 36(b), submit that the Complaint fails to state a claim, and have filed a motion to dismiss for failure to state a claim upon which relief can be granted.

### B.  **Pending Related Criminal or Civil Actions**

The parties agree that the following civil case constitutes a related action:  Chill v. Davis Selected Advisers, L.P., Civ. No. 14-6842 (S.D.N.Y. filed Aug. 22, 2014).  On September 5, 2014, Plaintiffs filed a letter motion requesting a pre-motion conference in connection with an anticipated motion to consolidate Chill with this action and to appoint Zwerling, Schachter & Zwerling, LLP as Lead Counsel in the consolidated action.  (Dkt. No. 16.)  The pre-motion conference has been scheduled for September 12, 2014.  (Dkt. No. 17.)

The parties disagree whether the following civil case is a related action:  Turner v. Davis Selected Advisers, L.P., Civ. No. 08-421 (D. Ariz. filed July 28, 2008) (motion to dismiss granted on June 1, 2011; motion for leave to amend denied on Mar. 13, 2013), on appeal as 13-15742 (9th Cir.).  Defendants believe the Turner case is a related case.  Plaintiffs disagree.

**Plaintiffs' Position:**  The Turner action should not affect either the prosecution of this action or the plan for or progress of discovery in this action.  The Turner action was filed more than six years ago in July 2008, and currently is pending before the Ninth Circuit Court of Appeals.  It is not known when the Ninth Circuit will issue a decision or how, if at all, the Turner action would proceed after remand, if the Ninth Circuit reverses dismissal and reinstates the Turner plaintiffs' claims.

In any event, discovery in this action and the Turner action will be different because of differences in the claims asserted.  Among other things, the two actions involve different time periods, and rely on different facts to support their respective Section 36(b) claims.  For the same

reason, affirmance of dismissal of the <u>Turner</u> action by the Ninth Circuit will not impact the prosecution of this action.

In view of the differences in the claims asserted, the District Court's dismissal of the <u>Turner</u> action does not have any preclusive effect on or support dismissal of this action, as Plaintiffs will demonstrate in their opposition to Defendants' motion to dismiss to be filed on October 23, 2014.

**<u>Defendants' Position:</u>**  Plaintiffs allege claims under Section 36(b) of the 1940 Act that are substantially similar to claims asserted in <u>Turner</u> -- they involve the same mutual fund, same adviser, same or similar Board of Directors and contract renewal process.  Both Plaintiffs and the plaintiff in <u>Turner</u> claimed that the Fund's advisory fee rate, which has not increased since the <u>Turner</u> case was filed, is legally excessive under Section 36(b).  Moreover, like Mr. Turner, Plaintiffs here include repetitive allegations regarding the Fund's performance and directors, as well as comparisons between the Fund's fees and those of supposedly comparable mutual funds. The <u>Turner</u> court rejected these assertions and dismissed that action with prejudice.

As demonstrated in Defendants' motion to dismiss, the <u>Turner</u> action clearly is related to this case; therefore, the <u>Turner</u> dismissal supports issue preclusion against Plaintiffs.

**C.**     **<u>Concise Statement of Each Party's Position as to the Basis of this Court's Jurisdiction of the Action</u>**

The parties agree that the Court has jurisdiction over Plaintiffs' federal causes of action pursuant to Sections 36(b)(5) and 44 of the 1940 Act, 15 U.S.C. §§ 80a-35(b)(5), 80a-43, and 28 U.S.C. § 1331.

**D.**     **<u>Whether All Parties Consent to Transfer of the Case to a Magistrate Judge for All Purposes, Including Trial</u>**

The parties do not agree to the transfer of the case to a Magistrate Judge for all purposes.

II. **The Parties' Positions on the Applicable Topics of the "Initial Pretrial Conference Checklist" Pursuant to Pilot Project Procedures § I(A)(1)**

**Possible Limitations on Document Preservation (Including ESI) (Topic 1)**

Defendants have informed Plaintiffs that certain litigation hold notices have been issued. Defendants also have represented that they have taken steps to preserve relevant evidence, including electronically-stored information ("ESI").

**Appropriateness of Initial Disclosures Pursuant to Rule 26(a)(1) and Production of Readily Identifiable Documents (Topic 2)**

The parties have agreed to exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) no later than October 9, 2014. The parties do not anticipate seeking any changes in the form or requirements of the mandatory disclosures required under Fed. R. Civ. P. 26(a).

The parties disagree regarding the production of certain readily-identifiable documents prior to service of formal document requests.

**Plaintiffs' Position:** Plaintiffs propose that the parties produce certain categories of readily identifiable documents no later than October 30, 2014. Plaintiffs propose to produce their account statements and other documents evidencing their ownership of shares of the Fund. Plaintiffs propose that Defendants produce (i) the unprivileged materials provided to the Fund's Board of Directors in connection with its consideration and approval of the investment advisory fees charged to the Fund since January 1, 2012; and (ii) minutes of meetings of the Board of Directors pertaining to such consideration and approval. SEC regulations require that these documents be maintained in an easily accessible place. See 17 C.F.R. § 270.31a-2(a)(1), (6). Under the proposed schedule, Defendants would not be required to produce the requested documents until after Plaintiffs file their opposition to the motion to dismiss, which is due on October 23, 2014.

5

Plaintiffs submit that Defendants' reliance on the Order in <u>In re BlackRock Mutual Funds Advisory Fee Litigation</u> is misplaced because, in that case, the court had deferred the initial conference pursuant to a Local Rule and, therefore, plaintiffs were required to seek leave from the court to pursue discovery. <u>See</u> Fed. R. Civ. P. 26(d). Here, in contrast, the Pilot Project Procedures specifically permit discovery of documents and ESI to proceed pursuant to Rule 34 during the pendency of a motion to dismiss, and Defendants bear the burden of demonstrating that such discovery should be stayed. <u>See</u> Pilot Project Procedures § II(A).

**<u>Defendants' Position:</u>** Defendants intend to request respectfully that the Court stay discovery pending resolution of their motion to dismiss. In requesting copies of materials provided to the Fund's Board of Directors (and related items), Plaintiffs are attempting to cure obvious deficiencies in the Complaint respecting, among other issues, the conscientiousness and independence of the Board. Indeed, the materials requested by the Plaintiffs constitute the majority of the documents that would be relevant if Plaintiffs were able to state a plausible claim for relief. Plaintiffs should not be permitted to use discovery (or such an initial exchange) to seek out the facts necessary to establish a legally adequate complaint. <u>See, e.g.</u>, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," and Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); <u>Jones v. Capital Cities/ABC Inc.</u>, 168 F.R.D. 477, 480 (S.D.N.Y. 1996) ("the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find other whether such a claim exists").

No prejudice will be suffered by Plaintiffs if they are not afforded access to Defendants' books and records while the motion to dismiss is pending. Therefore, a stay is appropriate, and

Plaintiffs' request for these materials should be denied.  See, e.g., In re BlackRock Mutual Funds Advisory Fee Litig., Master File No. 3:14-cv-01165-JAP-DEA (D.N.J. filed Feb. 13, 2014) (Dkt. No. 45) (ruling of United States Magistrate Judge denying effort by plaintiffs' counsel to proceed with discovery pending resolution of a dispositive motion filed by defendant investment adviser).

### Possibility of a Stay or Limitation of Discovery Pending a Dispositive Motion (Topic 3)

On August 25, 2014, the Defendants moved to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The parties disagree as to whether discovery should be stayed pending a decision on the motion to dismiss.

**Plaintiffs' Position:**  Plaintiffs oppose a stay and propose that discovery proceed during the pendency of Defendants' motion to dismiss, beginning with the proposed production of readily identifiable documents discussed above.  The Pilot Project Procedures specifically permit discovery of documents and ESI to proceed pursuant to Rule 34 during the pendency of a motion to dismiss.  See Pilot Project Procedures § II(A).

**Defendants' Position:**  Defendants propose that discovery be stayed pending a decision on the motion to dismiss, and oppose the proposed production of documents discussed above. Plaintiffs will not be prejudiced by the entry of a stay under these circumstances.

### Possibility of Communication/Coordination Between the Magistrate Judge and District Judge with Respect to Pretrial Matters (Topic 4)

The parties agree that pretrial matters, including resolution of discovery disputes, may be referred to the Magistrate Judge.

**Preliminary Issues That Are Likely to Arise and Will Require the Court's Intervention (Topic 5)**

The parties are not aware of any preliminary issues that are likely to arise that will require Court intervention.

**Discovery Issues That Are Envisioned and How Discovery Disputes Will Be Resolved (Topic 6)**

Except as set forth herein, the parties are not aware of any discovery disputes.

The parties propose that any discovery disputes be resolved in accordance with this Court's Individual Practices and Paragraphs II(B) and (C) of the Pilot Project Procedures. The parties request permission to contact the Magistrate Judge to resolve any disputes arising in the course of a deposition.

**Proposed Discovery (Topic 7)**

**A.    Limitations on Types of Discovery Beyond Those in the Rules (i.e., Waiver of Interrogatories, Requests for Admission, Expert Depositions):**

At this time, the parties do not anticipate seeking to limit the types of discovery beyond those identified in the Rules. The parties agree to meet and confer in good faith in the event that either party subsequently proposes to impose any such limitations.

**B.    Limitations on Scope of Discovery:**

The parties agree that the scope of discovery shall be governed by Fed. R. Civ. P. 26(b)(1).

**C.    Limitations on Timing and Sequence of Discovery:**

As discussed above, the parties disagree whether discovery should be stayed pending the Court's decision on Defendants' pending motion to dismiss. The parties also disagree regarding the timing and sequence of discovery.

**Plaintiffs' Position:**  Plaintiffs propose that the timing of discovery be governed by Fed. R. Civ. P. 26(d)(1), with the expectation that Plaintiffs will serve formal discovery requests after receiving and reviewing the proposed production of readily-accessible documents discussed above.  Plaintiffs propose that the sequence of discovery be governed by Fed. R. Civ. P. 26(d)(2).

**Defendants' Position:**   Defendants propose that discovery is unnecessary and inappropriate, as the Complaint fails to state a claim.  Any discovery should commence only if the Court sustains the Complaint.  If necessary, depositions should take place after the exchange of written and documentary discovery.

        D.        **Limitations on Restoration of Electronically-Stored Information:**

The parties anticipate that they will request the production of ESI.  The parties do not anticipate encountering any problems with respect to the preservation or production of ESI.  However, the parties agree to meet and confer in good faith should any issues arise.

        E.        **Agreement to Allow Depositions of Trial Witnesses Named if Not Already Deposed:**

The parties agree to allow depositions of trial witnesses properly identified in discovery, but not deposed prior to the filing of the Joint Final Pretrial Report.

        F.        **Preservation Depositions:**

The parties presently do not anticipate conducting any preservation depositions.

        G.        **Foreign Discovery and Issues Anticipated:**

The parties do not anticipate conducting any foreign discovery.

**Schedule (Topic 8)**

        A.        **Date(s) for Completion of Discovery:**

The parties propose that all fact discovery be completed eighteen (18) months from the date of the decision on the motion to dismiss filed by Defendants on August 25, 2014.

**B.**     **Date(s) for Dispositive Motions:**

The parties propose that dispositive motions shall be filed within sixty (60) days after the completion of all discovery, including expert depositions.

**C.**     **Date(s) for Exchange of Expert Reports:**

The parties disagree regarding the schedule for exchanging expert reports.

**Plaintiffs' Position:**   Plaintiffs propose that the parties shall simultaneously exchange their primary expert reports within sixty (60) days after the close of fact discovery, and shall simultaneously exchange their rebuttal expert reports within sixty (60) days thereafter.  In the event the Court adopts the proposal set forth by Defendants, Plaintiffs propose that they shall serve rebuttal expert reports within thirty (30) days after service of Defendants' expert reports.

**Defendants' Position:**   Defendants propose that Plaintiffs shall serve their primary expert reports within sixty (60) days after the close of fact discovery, and that Defendants shall serve their expert reports within sixty (60) days after service of Plaintiffs' primary expert reports.

The parties jointly propose that each party shall serve expert designations identifying their expert witnesses ten (10) days prior to serving their expert reports, and shall identify their rebuttal expert witnesses ten (10) days prior to serving rebuttal expert reports.

The parties jointly propose that expert depositions be completed within forty-five (45) days after service of the last expert reports permitted by the schedule adopted by the Court.

**D.**     **Date(s) for Exchange of Witness Lists:**

The parties will meet and confer about the exchange of witness lists after the completion of fact discovery.

**E.** **Date(s) for Joint Preliminary Trial Report and Joint Final Trial Report:**

The parties agree that they shall file their Joint Preliminary Trial Report fourteen (14) days after the completion of fact discovery.   The parties further agree that they shall file their Joint Final Trial Report twenty-eight (28) days prior to the date set for the commencement of trial.

**F.** **Date for Case Management Conference:**

The parties agree that the Case Management Conference shall be held within fourteen (14) days of the filing of the Joint Preliminary Trial Report or at such time as the Court directs.

**Issues to Be Tried (Topic 9)**

The parties will meet and confer after the completion of fact discovery about (a) ways in which issues can be narrowed to make trial more meaningful and efficient and (b) whether there are certain issues as to which a mini-trial would be appropriate.

**Bifurcation (Topic 10)**

The parties do not anticipate seeking bifurcation of the issues arising in this case.

**Class Certification (Topic 11)**

Plaintiffs do not seek to represent a class.

**ADR/Mediation (Topic 12)**

The parties have discussed the possibility of pursuing settlement discussions, mediation and/or ADR, and agree that such efforts would not be fruitful at this time.

**Possibility of Consent to Trial Before a Magistrate Judge (Topic 13)**

The parties do not consent to trial before a Magistrate Judge.

### Pleadings, Including Sufficiency and Amendments, and the Likelihood and Timing of Amendments (Topic 14)

As noted above, on August 25, 2014, the Defendants moved to dismiss the Complaint for failure to state a claim upon which relief can be granted.   The parties agree that any request by Plaintiffs for an amendment in connection with the Court's decision on Defendants' motion to dismiss shall be filed no later than thirty (30) days after the Court issues its decision.

### Joinder of Additional Parties, and the Likelihood and Timing of Joinder of Additional Parties (Topic 15)

The parties do not anticipate seeking joinder of additional parties.

### Expert Witnesses (Topic 16)

See above.

### Damages (Topic 17)

In the event the Plaintiffs prevail on their claims, the parties currently disagree whether damages may be recovered under Section 36(b)(3) for the time period after the Complaint was filed.  See 15 U.S.C. § 80a-35(b)(3).

Plaintiffs contend that they may recover damages for the period beginning one year prior to filing of the Complaint and continuing through trial and final judgment, whereas Defendants contend that Plaintiffs may recover only for a one-year period ending on the date the Complaint was filed.  Plaintiffs note that they could recover damages for periods after the filing of the initial complaint by filing a new complaint (often referred to as an "anniversary complaint") each year asserting a Section 36(b) claim for the most recent one-year period.

The parties intend to continue their discussions in an effort to resolve their disagreement as to whether damages may be recovered for the period following the date the Complaint was

filed.  If they are unable to do so, the parties will contact the Court to discuss appropriate methods of and time for presenting this issue for the Court's consideration and resolution.

### Final Pretrial Order (Topic 18)

The parties will meet and confer about the final pretrial order after the completion of all discovery.

### Possible Trial-Ready Date (Topic 19)

The parties will meet and confer about a possible trial-ready date after the completion of all discovery.

### Court Logistics and Mechanics (Topic 20)

With respect to court logistics and mechanics (*e.g.*, communication with the Court, streamlined motion practice, etc.), the parties will follow the procedures set forth in this Court's Individual Practices and the Pilot Project Procedures.

### Additional Meet and Confer Sessions (Topic 21)

The parties agree to have additional meet and confer sessions to continue discussions regarding discovery, including the preservation and production of ESI and preparation of a Joint Electronic Discovery Submission and [Proposed] Order, as well as preparation of a Stipulated Protective Order to be presented to the Court for its consideration.

### III.   The Parties' Proposed Schedule for Fact and Expert Discovery Pursuant to Pilot Project Procedures § I(A)(2)

#### A.   Any Recommendations for Limiting the Production of Documents and/or Information:

The parties agree to meet and confer in good faith regarding potential means of limiting the production of documents and/or information.

**B.      Any Recommendations for Limiting Depositions, Whether by Numbers or Days of Depositions, and by the Elimination of Expert Depositions:**

The parties disagree regarding the number of depositions to be permitted.

**Plaintiffs' Position:**  Plaintiffs currently anticipate deposing as many as twenty-six (26) witnesses, including personnel currently or formerly employed by Defendants, the Fund's officers, members of the Fund's Board of Directors, consultants and advisors to the Board, and representatives of the six Subadvised Funds.

Based on the likely deponents identified to date, Plaintiffs propose that they be permitted a minimum of twenty (20) deposition days (with each day defined as seven (7) hours of on-the-record deposition testimony), which can be used to depose no more than two (2) witnesses if certain witnesses require less than a full day of testimony.   Any request for additional deposition days would be subject to Fed. R. Civ. P. 30(a)(2).

**Defendants' Position:**  Fed. R. Civ. P. 30(a)(2)(A)(i) limits each side to ten (10) depositions.  Plaintiffs have estimated that they will need to depose as many as twenty-six (26) witnesses.  Many of these witnesses are located outside of this district.  Other witnesses are not affiliated with the parties.  The number of depositions sought by Plaintiffs is disproportionate given the allegations contained in the Complaint which involve a single mutual fund.  Moreover, preparing for and participating in the number of depositions suggested by Plaintiffs would impose a substantial burden on the parties and potential witnesses, regardless of the length of each deposition.

Defendants respectfully submit that each party's maximum number of depositions should be extended from ten (10) to fifteen (15).  If either side believes that it requires additional depositions after exhausting its limit, the parties will meet and confer to try to reach agreement on a stipulated expansion on the number each side may take, which will be submitted for the

Court's approval.  If the parties are not able to agree, either side may file a motion with the Court attempting to demonstrate good cause for expanding the limit on depositions beyond fifteen (15).

       **C.**      <u>**A Protocol and Schedule for Electronic Discovery, Including a Brief Description of Any Disputes Regarding the Scope of Electronic Discovery:**</u>

The parties do not currently anticipate any problems with respect to the production of ESI.  The parties have agreed to work together to develop a protocol regarding the production of ESI, including the development of search terms and identification of custodians for collection of ESI, and the form(s) in which ESI will be produced, and to prepare a Joint Electronic Discovery Submission and [Proposed] Order to be presented to the Court for its consideration.

       **D.**      <u>**Whether the Parties Recommend that Expert Discovery Precede or Follow Any Summary Judgment Practice:**</u>

The parties recommend that expert discovery, including expert depositions, precede any summary judgment practice.

       **E.**      <u>**Whether the Parties Agree to Allow Depositions Preceding Trial of Trial Witnesses Not Already Deposed:**</u>

The parties agree to allow depositions of trial witnesses properly identified in discovery, but not deposed prior to the filing of the Joint Final Pretrial Report.

**IV.**      <u>**Whether the Parties Propose to Engage in Settlement Discussions or Mediation Pursuant to Pilot Project Procedures § I(A)(3)**</u>

With respect to Paragraph I(A)(3) of the Pilot Project Procedures, the parties do not propose to engage in settlement discussions or mediation at this time.

Dated:  September 11, 2014                    Respectfully submitted,

                                             **GARY A. HEBDA AND**
                                             **DEBORAH L. HEBDA**

                                             By:    /s/ Andrew W. Robertson

                                             Robin F. Zwerling
                                             Jeffrey C. Zwerling
                                             Susan Salvetti
                                             Andrew W. Robertson
                                             Zwerling, Shachter & Zwerling, LLP
                                             41 Madison Avenue
                                             New York, NY 10010
                                             Tel:    (212) 223-3900
                                             Fax:    (212) 371-5969
                                             Email: rzwerling@zsz.com
                                                      jzwerling@zsz.com
                                                      ssalvetti@zsz.com
                                                      arobertson@zsz.com


                                             **DAVIS SELECTED ADVISERS, L.P., AND**
                                             **DAVIS SELECTED ADVISERS-NY, INC.**

                                             By:    /s/  Sarah P. Kenney

                                             Joanna A. Diakos
                                             Sarah P. Kenney
                                             **K&L Gates LLP**
                                             599 Lexington Ave.
                                             New York, NY 10022
                                             Tel:    (212) 536-3900
                                             Fax:    (212) 536-3901
                                             Email: joanna.diakos@klgates.com
                                                      sarah.kenney@klgates.com

                                             Stephen G. Topetzes (*pro hac vice* forthcoming)
                                             Jeffrey B. Maletta (*pro hac vice* forthcoming)
                                             Nicholas G. Terris
                                             Nicole A. Baker (*pro hac vice* forthcoming)
                                             Amy J. Eldridge (*pro hac vice* forthcoming)
                                             **K&L Gates LLP**
                                             1601 K Street NW
                                             Washington, D.C. 20006
                                             Tel:    (202) 778-9000

                                             16

Fax:    (202) 778-9100
Email: stephen.topetzes@klgates.com
       jeffrey.maletta@klgates.com
       nicholas.terris@klgates.com
       nicole.baker@klgates.com
       amy.eldridge@klgates.com