### UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DAVIS NEW YORK VENTURE FUND FEE LITIGATION | Master File No. 1:14-cv-4318 (LTS) (HBP) **INITIAL CONFERENCE REPORT** |

Pursuant to the Initial Conference Order dated July 14, 2014, and the Court's Memorandum and Opinion entered November 18, 2015 and its Order entered on December 8, 2015 in the consolidated case *Chill v. Davis Selected Advisors, L.P.*, No. 1:14-cv-6842, and consistent with Fed. R. Civ. P. 26(f) and the October 2011 Judicial Improvements Committee Report Concerning the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York ("Pilot Project Procedures"), Plaintiffs Gary A. Hebda, Deborah L. Hebda, Saul Chill, Sylvia Chill, and Schuyler Hoffman (together, "Plaintiffs") and Defendants Davis Selected Advisers, L.P., and Davis Selected Advisers-NY, Inc. (together, "Defendants") respectfully submit this Initial Conference Report in advance of the Initial Conference scheduled for December 17, 2015.

Counsel for the parties have conferred with respect to the items listed in Paragraphs (4) and (5) of the Initial Conference Order. This Report summarizes the parties' positions and proposals with respect to each of the topics identified in Paragraph (5) of the Initial Conference Order.

## I.   The Parties' Positions on Items A-D in Paragraph (5) of the Initial Conference Order

### A.   Concise Statement of the Nature of This Action

Plaintiffs' Position

Plaintiffs bring this action on behalf of and for the benefit of the Davis New York Venture Fund (the "Fund").  Plaintiffs assert a single claim against Defendants pursuant to Section 36(b) of the Investment Company Act of 1940 (the "1940 Act"), 15 U.S.C. § 80a-35(b).

Defendants are the investment adviser and subadviser to the Fund.  Under Section 36(b), Defendants owe a fiduciary duty to the Fund with respect to their receipt of compensation from the Fund.  Plaintiffs allege that Defendants breached their fiduciary duty under Section 36(b) by charging the Fund investment advisory fees that are disproportionate to the services provided by Defendants and outside the range of fees that could have been negotiated at arm's length for Defendants' services.

Plaintiffs allege, among other things, that the investment advisory fees charged to the Fund are as much as 96% higher than the rates negotiated at arm's length by Defendants with other independent mutual funds (the "Subadvised Funds") for the same or substantially the same investment advisory services.  Plaintiffs also allege that, under Defendants' management, the Fund's investment performance has lagged behind both its benchmark and the investment performance of other, purportedly comparable mutual funds over the last ten years.  Finally, Plaintiffs allege that, despite the Fund's poor investment performance, its Board of Directors has continued to approve the Fund's investment advisory agreement with Defendants on an annual basis at above-market fee rates.

Plaintiffs bring this action to recover for the Fund the allegedly excessive investment advisory fees charged in violation of Section 36(b), as well as any lost profits and other actual damages caused by the Fund's payment of those fees.

Defendants' Position

Defendants state that Plaintiffs' claims are based on inapt comparisons, and that Defendants' fees are fair and reasonable.  Defendants deny that they violated Section 36(b), deny that Plaintiffs are entitled to any damages or other relief sought in the Consolidated Amended Complaint ("Complaint"), submit that this action is precluded by the dispositive rulings and judgment in Turner v. Davis Select Advisers, L.P., Civ. No. 08-421 (D. Ariz. June 1, 2011), aff'd, dckt. No. 13-15742, 2015 WL 5692324 (9th Cir. Sept. 29, 2015), and submit that the Complaint otherwise fails to state a claim.

### B. **Pending Related Criminal or Civil Actions**

The parties agree that there are no pending related civil or criminal actions.

### C. **Concise Statement of Each Party's Position as to the Basis of this Court's Jurisdiction of the Action**

The parties agree that the Court has jurisdiction over Plaintiffs' federal causes of action pursuant to Sections 36(b)(5) and 44 of the 1940 Act, 15 U.S.C. §§ 80a-35(b)(5), 80a-43, and 28 U.S.C. § 1331.

### D. **Whether All Parties Consent to Transfer of the Case to a Magistrate Judge for All Purposes, Including Trial**

The parties do not agree to the transfer of the case to a Magistrate Judge for all purposes.

## II. **The Parties' Positions on the Applicable Topics of the "Initial Pretrial Conference Checklist" Pursuant to Pilot Project Procedures § I(A)(1)**

### **Possible Limitations on Document Preservation (Including ESI) (Topic 1)**

Defendants have informed Plaintiffs that certain litigation hold notices have been issued. Defendants also have represented that they have taken steps to preserve relevant evidence, including electronically-stored information ("ESI").

Plaintiffs have served litigation hold notices on certain non-party witnesses asking them to preserve potentially relevant evidence that Plaintiffs intend to seek in discovery in this litigation.

### Appropriateness of Initial Disclosures Pursuant to Rule 26(a)(1) and Production of Readily Identifiable Documents (Topic 2)

The parties have exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).  The parties do not anticipate seeking any changes in the form or requirements of the mandatory disclosures required under Fed. R. Civ. P. 26(a).

The parties have agreed to the production of certain readily-identifiable documents within forty-five (45) days following the December 17, 2015 Initial Conference and prior to service of formal document requests.

Plaintiffs will produce their account statements and other documents evidencing their continuous ownership of shares of the Fund beginning from at least the time of the commencement of this lawsuit through and including their most recent account statement at the time of production.  Defendants will produce (i) the unprivileged materials provided to the Fund's Board of Directors in connection with its consideration and approval of the investment advisory fees charged to the Fund since January 1, 2012; and (ii) minutes of meetings of the Board of Directors pertaining to such consideration and approval.

### Possibility of a Stay or Limitation of Discovery Pending a Dispositive Motion (Topic 3)

Defendants filed a motion to dismiss the Complaint on March 9, 2015.  The Court denied such motion by an opinion dated November 18, 2015 and a corresponding order entered December 8, 2015.  No other dispositive motion currently is pending.

**Possibility of Communication/Coordination Between the Magistrate Judge and District Judge with Respect to Pretrial Matters (Topic 4)**

The parties agree that pretrial matters, including resolution of discovery disputes, may be referred to the Magistrate Judge.

**Preliminary Issues That Are Likely to Arise and Will Require the Court's Intervention (Topic 5)**

The parties are not aware of any preliminary issues that are likely to arise that will require Court intervention.

**Discovery Issues That Are Envisioned and How Discovery Disputes Will Be Resolved (Topic 6)**

Except as set forth herein, the parties are not aware of any discovery disputes.

The parties propose that any discovery disputes be resolved in accordance with this Court's Individual Practices and Paragraphs II(B) and (C) of the Pilot Project Procedures.  The parties request permission to contact the Magistrate Judge to resolve any disputes arising in the course of a deposition.

**Proposed Discovery (Topic 7)**

**A.      Limitations on Types of Discovery Beyond Those in the Rules (i.e., Waiver of Interrogatories, Requests for Admission, Expert Depositions):**

At this time, the parties do not anticipate seeking to limit the types of discovery beyond those identified in the Rules.  The parties agree to meet and confer in good faith in the event that either party subsequently proposes to impose any such limitations.

**B.      Limitations on Scope of Discovery:**

The parties agree that the scope of discovery shall be governed by Fed. R. Civ. P. 26(b)(1).

**C.**   **Limitations on Timing and Sequence of Discovery:**

The parties agree that the timing of discovery shall be governed by Fed. R. Civ. P. 26(d)(2), with the expectation that Plaintiffs will serve formal discovery requests after receiving and reviewing the proposed production of readily-accessible documents discussed above in Section II (Topic 2).  The parties agree that the sequence of discovery shall be governed by Fed. R. Civ. P. 26(d)(3).

**D.**   **Limitations on Restoration of Electronically-Stored Information:**

The parties anticipate that they will request the production of ESI.  The parties do not anticipate encountering any problems with respect to the preservation or production of ESI. However, the parties agree to meet and confer in good faith should any issues arise.

**E.**   **Agreement to Allow Depositions of Trial Witnesses Named if Not Already Deposed:**

The parties agree to allow depositions of trial witnesses properly identified in discovery, but not deposed prior to the filing of the Joint Final Pretrial Report.

**F.**   **Preservation Depositions:**

The parties presently do not anticipate conducting any preservation depositions.

**G.**   **Foreign Discovery and Issues Anticipated:**

The parties do not anticipate conducting any foreign discovery.

**Schedule (Topic 8)**

**A.**   **Date(s) for Completion of Discovery:**

The parties propose that all fact discovery be completed approximately eighteen (18) months from December 8, 2015 (the date the Court entered its order denying Defendants' motion to dismiss).

**B.**     <u>**Date(s) for Dispositive Motions:**</u>

The parties propose that dispositive motions shall be filed within sixty (60) days after the completion of all discovery, including expert depositions.

**C.**     <u>**Date(s) for Exchange of Expert Reports:**</u>

The parties propose that:  Plaintiffs shall serve their primary expert reports within sixty (60) days after the close of fact discovery; Defendants shall serve their expert reports within sixty (60) days after service of Plaintiffs' primary expert reports; and Plaintiffs shall serve their rebuttal expert reports within thirty (30) days after service of Defendants' expert reports.

The parties jointly propose that each party shall serve expert designations identifying their expert witnesses ten (10) days prior to serving their expert reports, and shall identify their rebuttal expert witnesses ten (10) days prior to serving rebuttal expert reports.

The parties jointly propose that expert depositions be completed within forty-five (45) days after service of the last expert reports permitted by the schedule adopted by the Court.

**D.**     <u>**Date(s) for Exchange of Witness Lists:**</u>

The parties will meet and confer about the exchange of witness lists after the completion of fact discovery.

**E.**     <u>**Date(s) for Joint Preliminary Trial Report and Joint Final Trial Report:**</u>

The parties agree that they shall file their Joint Preliminary Trial Report fourteen (14) days after the completion of fact discovery.   The parties further agree that they shall file their Joint Final Trial Report twenty-eight (28) days prior to the date set for the commencement of trial.

F.    **Date for Case Management Conference:**

The parties agree that the Case Management Conference shall be held within fourteen (14) days of the filing of the Joint Preliminary Trial Report or at such time as the Court directs.

**Issues to Be Tried (Topic 9)**

The parties will meet and confer after the completion of fact discovery about (a) ways in which issues can be narrowed to make trial more meaningful and efficient and (b) whether there are certain issues as to which a mini-trial would be appropriate.

**Bifurcation (Topic 10)**

The parties do not anticipate seeking bifurcation of the issues arising in this case.

**Class Certification (Topic 11)**

Plaintiffs do not seek to represent a class.

**ADR/Mediation (Topic 12)**

The parties have discussed the possibility of pursuing settlement discussions, mediation and/or ADR, and agree that such efforts would not be fruitful at this time.

**Possibility of Consent to Trial Before a Magistrate Judge (Topic 13)**

The parties do not consent to trial before a Magistrate Judge.

**Pleadings, Including Sufficiency and Amendments, and the Likelihood and Timing of Amendments (Topic 14)**

The parties agree that the deadline for filing amendments to pleadings shall be ninety (90) days prior to the close of fact discovery without waiving the right to seek leave from the Court to amend the pleadings at a later time.

**Joinder of Additional Parties, and the Likelihood and Timing of Joinder of Additional Parties (Topic 15)**

The parties do not anticipate seeking joinder of additional parties.

### Expert Witnesses (Topic 16)

See above.

### Damages (Topic 17)

In the event the Plaintiffs prevail on their claims, the parties currently disagree regarding the period for which any damages may be recovered under Section 36(b)(3).  See 15 U.S.C. § 80a-35(b)(3).

Plaintiffs contend that they may recover damages for the period beginning one year prior to filing of the initial complaint and continuing through trial and final judgment, whereas Defendants contend that Plaintiffs may recover only for a limited period preceding the date the action was commenced.  Plaintiffs contend that they could recover damages for periods after the filing of the initial complaint by filing a new complaint (often referred to as an "anniversary complaint") each year asserting a Section 36(b) claim for the most recent one-year period.

The parties intend to continue their discussions in an effort to resolve their disagreement as to the time period for which any damages may be recovered.  If they are unable to do so, the parties will confer regarding appropriate methods of and time for presenting this issue for the Court's consideration and resolution.

### Final Pretrial Order (Topic 18)

The parties will meet and confer about the final pretrial order after the completion of all discovery.

### Possible Trial-Ready Date (Topic 19)

The parties will meet and confer about a possible trial-ready date after the completion of all discovery.

**Court Logistics and Mechanics (Topic 20)**

With respect to court logistics and mechanics (*e.g.*, communication with the Court, streamlined motion practice, etc.), the parties will follow the procedures set forth in this Court's Individual Practices and the Pilot Project Procedures.

**Additional Meet and Confer Sessions (Topic 21)**

The parties agree to have additional meet and confer sessions to continue discussions regarding discovery, including the preservation and production of ESI and preparation of a Joint Electronic Discovery Submission and [Proposed] Order, as well as preparation of a Stipulated Protective Order to be presented to the Court for its consideration and approval.

**III.   The Parties' Proposed Schedule for Fact and Expert Discovery Pursuant to Pilot Project Procedures § I(A)(2)**

**A.   Any Recommendations for Limiting the Production of Documents and/or Information:**

The parties agree to meet and confer in good faith regarding potential means of limiting the production of documents and/or information.

**B.   Any Recommendations for Limiting Depositions, Whether by Numbers or Days of Depositions, and by the Elimination of Expert Depositions:**

The parties propose that each side be permitted to conduct as many as eighteen (18) depositions.  The parties agree that, if after making their best and reasonable efforts to obtain the necessary discovery from the authorized depositions, either side believes that it will require additional depositions after exhausting its limit, the parties will meet and confer to try to reach agreement on a stipulated expansion on the number of depositions each side may take, which will be submitted for the Court's approval.  The parties further agree that any request for additional depositions will be subject to Fed. R. Civ. P. 30(a)(2).

C.     **A Protocol and Schedule for Electronic Discovery, Including a Brief Description of Any Disputes Regarding the Scope of Electronic Discovery:**

The parties do not currently anticipate any problems with respect to the production of ESI.  The parties have agreed to work together to develop a protocol regarding the production of ESI, including the development of search terms and identification of custodians for collection of ESI, and the form(s) in which ESI will be produced, and to prepare a Joint Electronic Discovery Submission and [Proposed] Order to be presented to the Court for its consideration and approval.

D.     **Whether the Parties Recommend that Expert Discovery Precede or Follow Any Summary Judgment Practice:**

The parties recommend that expert discovery, including expert depositions, precede any summary judgment practice.

E.     **Whether the Parties Agree to Allow Depositions Preceding Trial of Trial Witnesses Not Already Deposed:**

The parties agree to allow depositions of trial witnesses properly identified in discovery, but not deposed prior to the filing of the Joint Final Pretrial Report.

IV.   **Whether the Parties Propose to Engage in Settlement Discussions or Mediation Pursuant to Pilot Project Procedures § I(A)(3)**

With respect to Paragraph I(A)(3) of the Pilot Project Procedures, the parties do not propose to engage in settlement discussions or mediation at this time.

11

Dated:  December 10, 2015

By:  s/  Stephen G. Topetzes

**K&L GATES LLP**
Joanna A. Diakos
Sarah P. Kenney
599 Lexington Avenue
New York, NY 10022
Tel:  (212) 536-3900
Fax:  (212) 536-3901
joanna.diakos@klgates.com
sarah.kenney@klgates.com

- and -

Stephen G. Topetzes (*pro hac vice*)
Jeffrey B. Maletta (*pro hac vice*)
Nicholas G. Terris
Nicole A. Baker (*pro hac vice*)
Amy J. Eldridge (*pro hac vice*)
1601 K Street NW
Washington, D.C. 20006
Tel:  (202) 778-9000
Fax:  (202) 778-9100
stephen.topetzes@klgates.com
jeffrey.maletta@klgates.com
nicholas.terris@klgates.com
nicole.baker@klgates.com
amy.eldridge@klgates.com

*Counsel for Defendants*

Respectfully submitted,

By: s/ Robin F. Zwerling

**ZWERLING, SCHACHTER & ZWERLING, LLP**
Robin F. Zwerling
Jeffrey C. Zwerling
Susan Salvetti
Andrew W. Robertson
41 Madison Avenue
New York, NY 10010
Tel:  (212) 223-3900
Fax:  (212) 371-5969
rzwerling@zsz.com
jzwerling@zsz.com
ssalvetti@zsz.com
arobertson@zsz.com

*Lead Counsel for Plaintiffs*

**AULO I. GONANO, P.C.**
Aulo I. Gonano
1932 Ford Avenue
Wyandotte, MI 48192
Tel:  (734) 285-3333
Fax:  (734) 285-3399
aulo@aol.com

*Counsel for the Hebda Plaintiffs*

**ROBBINS ARROYO LLP**
Stephen J. Oddo
Edward B. Gerard
Justin D. Rieger
Daniel L. Sachs
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
soddo@robbinsarroyo.com
egerard@robbinsarroyo.com
jrieger@robbinsarroyo.com
dsachs@robbinsarroyo.com

*Counsel for Plaintiff Schuyler Hoffman*

**KIRBY McINERNEY LLP**
Ira Press
825 Third Avenue, 16th Floor
New York, NY 10022
Tel:  (212) 371-6600
Fax:  (212) 751-2540
ipress@kmllp.com

*Counsel for the Chill Plaintiffs*