## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DAVIS NEW YORK VENTURE FUND FEE LITIGATION | Master File No. 1:14-cv-4318 (LTS) (HBP) <br><br> **ANSWER TO CONSOLIDATED AMENDED COMPLAINT** |

Defendants Davis Selected Advisers, L.P. ("Davis Advisors"), and Davis Selected Advisers-NY, Inc. ("Davis-NY") (collectively, "Davis"), through their undersigned counsel, hereby answer and otherwise respond to the Consolidated Amended Complaint ("Complaint") in the above-captioned matter.

Davis denies each and every allegation of the Complaint not expressly admitted below, and denies that plaintiffs Gary A. Hebda, Deborah L. Hebda, Saul Chill, Sylvia Chill, and Schuyler Hoffman (collectively, "Plaintiffs") are entitled to any of the relief they seek. Unnumbered paragraphs in the Complaint do not require a responsive pleading. To the extent a response is required, Davis denies the allegations contained in any unnumbered paragraphs.

1.       Davis admits that Plaintiffs purport to bring this action pursuant to Section 36(b) of the Investment Company Act of 1940 ("1940 Act"), 15 U.S.C. § 80a-35(b) ("Section 36(b)"), but denies that Plaintiffs have any cognizable claim under that section and otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2.       Davis admits that Davis serves as the investment adviser to the Davis New York Venture Fund ("Fund") and receives a fee from the Fund for providing investment advisory services, including, among other things, managing the Fund's portfolio of assets. Davis otherwise denies the allegations contained in Paragraph 2 of the Complaint.

3.      To the extent that Paragraph 3 of the Complaint purports to characterize Section 36(b) of the 1940 Act, Davis denies the allegations and refers to the text of that provision, which speaks for itself.  To the extent that Paragraph 3 of the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.  To the extent that a responsive pleading is required, Davis denies the allegations contained in Paragraph 3 of the Complaint.

4.      Davis denies the allegations contained in Paragraph 4 of the Complaint.

5.      Davis denies the allegations contained in Paragraph 5 of the Complaint.

6.      Davis denies the allegations contained in Paragraph 6 of the Complaint.

7.      To the extent that Paragraph 7 of the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.  To the extent that a responsive pleading is required, Davis denies the allegations contained in Paragraph 7 of the Complaint.

8.      Davis admits that the Fund's performance has varied over time and that it has both outperformed and underperformed Standard & Poor's 500 Index (the "S&P 500 Index") at various intervals over the last ten years.  Davis also admits that the Fund's performance relative to other mutual funds has varied during that period.  Davis otherwise denies the allegations contained in Paragraph 8 of the Complaint.

9.      Davis admits that certain of its advisory client relationships were terminated. Davis denies the allegations contained in Paragraph 9 of the Complaint.

10.     To the extent that Paragraph 10 of the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.  To the extent

that a responsive pleading is required, Davis denies the allegations contained in Paragraph 10 of the Complaint.

11.     Davis admits that Plaintiffs purport to bring this action pursuant to Section 36(b) of the 1940 Act.  To the extent that Paragraph 11 of the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.  To the extent that a responsive pleading is required, Davis denies the allegations contained in Paragraph 11 of the Complaint.

12.     To the extent that Paragraph 12 of the Complaint purports to state conclusions of law, Davis notes that no responsive pleading is required.  To the extent that a responsive pleading is required, Davis admits that the Court has jurisdiction over a claim under the 1940 Act against Davis because Davis inhabits or transacts business in this district.

13.     To the extent that Paragraph 13 of the Complaint purports to state a conclusion of law, Davis notes that no responsive pleading is required.  Without admitting each allegation contained in Paragraph 13 of the Complaint, Davis admits that venue is proper in this judicial district.

14.     Davis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Davis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Davis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Davis admits the allegations contained in Paragraph 17 of the Complaint.

18.     Davis admits that Davis-NY is a corporation organized under Delaware law, with its principal office located at 620 Fifth Avenue, New York, New York, and that Davis-NY is a wholly-owned subsidiary of Davis Advisors.  Davis also admits that Davis-NY's only business is to serve as sub-adviser for selected institutional accounts of Davis Advisors.  Davis denies any remaining allegations contained in Paragraph 18 of the Complaint.

19.     Davis admits that the Fund is an open-end investment management company that is registered under the 1940 Act, and that the Fund is commonly referred to as a "mutual fund."

20.     Davis admits that the Fund is a series of Davis New York Venture Fund, Inc., and that the Davis New York Venture Fund, Inc. is a Maryland corporation.

21.     Davis admits that the Fund is a collective investment that pools money from investors and invests the money in a portfolio of securities or other assets.  Davis denies any remaining allegations contained in Paragraph 21 of the Complaint.

22.     Davis admits that the Fund issues shares to investors that purchase shares of the Fund, and that each Fund share represents a *pro rata* interest in the Fund's net assets.  Davis denies any remaining allegations contained in Paragraph 22 of the Complaint.

23.     Davis admits the allegations contained in Paragraph 23 of the Complaint.

24.     Davis admits that Davis Advisors serves as the Fund's investment adviser and that Davis-NY serves as the Fund's subadviser.  Davis also admits that it is responsible for, among other things, managing the Fund's portfolio of securities, including researching potential investments and deciding which securities will be purchased for or sold from the portfolio. Davis denies any remaining allegations contained in Paragraph 24 of the Complaint.

25.     Davis admits that other service providers, including (among others) affiliates of Davis, provide certain other services to the Fund.  Davis denies any remaining allegations contained in Paragraph 25 of the Complaint.

26.     Davis admits that the Fund's Board of Directors (the "Board") oversees the management of the Fund.  Davis denies any remaining allegations contained in Paragraph 26 of the Complaint.

27.     Davis admits that the Board oversees the management of twelve other mutual funds managed by Davis or its affiliates.  Davis denies any remaining allegations contained in Paragraph 27 of the Complaint.

28.     Davis admits that Davis Advisors serves as the investment adviser to the Fund pursuant to an Investment Advisory Agreement between Davis Advisors and the Fund (the "IAA"), and that Davis-NY serves as the subadviser to the Fund pursuant to a separate Subadvisory Agreement between Davis Advisors and Davis-NY.  Davis denies any remaining allegations contained in Paragraph 28 of the Complaint.

29.     To the extent that Paragraph 29 of the Complaint purports to characterize the IAA, Davis denies the allegations and refers to the text of the document, which speaks for itself. Davis otherwise denies the allegations contained in Paragraph 29 of the Complaint.

30.     To the extent that Paragraph 30 of the Complaint purports to characterize the IAA, Davis denies the allegations and refers to the text of the document, which speaks for itself. Davis otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31.     Davis admits that the Fund's prospectus discloses certain information about investment advisory services and about, among other things, the Fund's investment objective, the types of securities in which the Fund invests, and the investment strategies employed.  Davis also

admits that the Fund's prospectus is filed with the SEC at least annually.  Davis denies any remaining allegations contained in Paragraph 31 of the Complaint.

32.     To the extent that Paragraph 32 of the Complaint purports to characterize or quote the Fund's prospectus, dated December 2, 2013 (the "2013 Prospectus"), Davis denies the allegations and refers to the text of the document, which speaks for itself.  Davis otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33.     To the extent that Paragraph 33 of the Complaint purports to characterize or quote the 2013 Prospectus, Davis denies the allegations and refers to the text of the document, which speaks for itself.  Davis otherwise denies the allegations contained in Paragraph 33 of the Complaint.

34.     To the extent that Paragraph 34 of the Complaint purports to characterize or quote the 2013 Prospectus, Davis denies the allegations and refers to the text of the document, which speaks for itself.  Davis otherwise denies the allegations contained in Paragraph 34 of the Complaint.

35.     To the extent that Paragraph 35 of the Complaint purports to characterize or quote from the Fund's prospectus, dated November 28, 2012, Davis denies the allegations and refers to the text of the document, which speaks for itself.  Davis otherwise denies the allegations contained in Paragraph 35 of the Complaint.

36.     Davis denies the allegations contained in Paragraph 36 of the Complaint.

37.     Davis admits that Christopher Davis and Kenneth Feinberg had principal responsibility for providing investment advisory services to the Fund from October 1995 through December 31, 2013, and from May 1998 through December 31, 2013, respectively.  Davis denies any remaining allegations contained in Paragraph 37 of the Complaint.

38.     Davis admits that Christopher Davis and Danton Goei have had principal responsibility for providing investment advisory services to the Fund from January 1, 2014 through the present.  Davis denies any remaining allegations contained in Paragraph 38 of the Complaint.

39.     Davis admits that Christopher Davis, Danton Goei and other members of the Fund's investment team are, and Kenneth Feinberg was, based in Davis-NY's office in New York, New York.  Davis otherwise denies the allegations contained in Paragraph 39 of the Complaint.

40.     To the extent that Paragraph 40 contained in the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.  To the extent that a responsive pleading is required, Davis denies any remaining allegations contained in Paragraph 40 of the Complaint.

41.     Davis admits that the Fund's investment team is supported by, among others, legal, compliance and administrative personnel.  Davis otherwise denies the allegations contained in Paragraph 41 of the Complaint.

42.     To the extent that Paragraph 42 of the Complaint purports to characterize or summarize the terms or requirements of the IAA, Davis denies the allegations and refers to the text of the IAA, which speaks for itself.  In further response, Davis admits that the Fund pays Davis Advisors a fee that is calculated as a percentage of the Fund's assets under management.  Davis otherwise denies the allegations contained in Paragraph 42 of the Complaint.

43.     Davis admits that Davis Advisors pays Davis-NY a fee that is calculated in accordance with the Subadvisory Agreement between Davis Advisors and Davis-NY.  Davis otherwise denies the allegations contained in Paragraph 43 of the Complaint.

44.     Davis admits that, during the fiscal year ended July 31, 2013, the Fund's investment advisory fee schedule was as follows:  .55% of the average net assets on the first $3 billion; .54% on the next $1 billion; .53% on the next $1 billion; .52% on the next $1 billion; .51% on the next $1 billion; .50% on the next $3 billion; .485% on the next $8 billion; .47% on the next $7 billion; .455% on the next $8 billion; .44% on the next $7 billion; .425% on the next $8 billion; .41% on the next $7 billion; and .395% of the average net assets in excess of $55 billion.  Davis denies any remaining allegations contained in Paragraph 44 of the Complaint.

45.     Davis admits that, during the fiscal year ended July 31, 2013, the Fund paid an effective investment advisory fee rate of 50 basis points, or 0.50%, according to the investment advisory fee schedule set forth above.  Davis otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46.     Davis admits that the Fund paid approximately $101,955,292 in investment advisory fees during the fiscal year ended July 31, 2013.  Davis otherwise denies the allegations contained in Paragraph 46 of the Complaint.

47.     Davis admits that Davis Advisors provides investment advisory and subadvisory services to some other clients.  Davis denies any remaining allegations contained in Paragraph 47 of the Complaint.

48.     Davis admits that (a) the investment adviser to the John Hancock Fundamental Value Trust contracted with Davis Advisors for Davis Advisors to serve as a subadviser to that fund; and (b) the investment adviser to the EQ/Davis New York Venture Portfolio contracted with Davis Advisors for Davis Advisors to serve as a subadviser to that fund.  Davis denies any remaining allegations contained in Paragraph 48 of the Complaint.

49.     Davis admits that (a) the investment adviser to the Columbia Variable Portfolio Davis New York Venture Fund contracted with Davis Advisors for Davis Advisors to serve as a subadviser to that fund during the period 2006 - 2012; (b) the investment adviser to the ING Davis New York Venture Portfolio contracted with Davis Advisors for Davis Advisors to serve as a subadviser to that fund during the period 2005 - 2013; (c) the investment adviser to the AZL Davis New York Venture Fund contracted with Davis Advisors for Davis Advisors to serve as a subadviser to that fund during the period 2004 - 2013; and (d) the investment adviser to the MetLife Davis Venture Value Portfolio contracted with Davis Advisors for Davis Advisors to serve as a subadviser to that fund during the period 1994 - 2014.  Davis otherwise denies the allegations contained in Paragraph 49 of the Complaint.

50.     Davis admits that the Complaint refers to the funds identified in Paragraphs 48 and 49 collectively as the "Subadvised Funds."

51.     Davis admits the allegations contained in Paragraph 51 of the Complaint.

52.     Davis admits that each of the Subadvised Funds is (or was) an open-end investment management company that is (or was) registered under the 1940 Act.

53.     Davis admits that each of the Subadvised Funds is (or was) organized as a series of a business trust, a statutory trust, or a corporation organized under state law.

54.     Davis admits that each of the Subadvised Funds issues (or issued) shares to investors who purchase shares of that fund, and that each share represents (or represented) a *pro rata* interest in the fund's net assets.  Davis denies any remaining allegations contained in Paragraph 54 of the Complaint.

55.     Davis admits that each Subadvised Fund's institutional sponsor, or an affiliate thereof, serves (or served) as that fund's investment adviser.  Davis admits that each Subadvised

Fund's investment adviser has (or had) entered into an advisory agreement with that fund and receives (or received) investment advisory fees from that fund.  Davis denies any remaining allegations contained in Paragraph 55 of the Complaint.

56.    Davis admits that the investment adviser of each of the Subadvised Funds has (or had) entered into a subadvisory agreement with Davis Advisors for Davis Advisors to serve as a subadviser to that fund.  To the extent that Paragraph 56 of the Complaint purports to characterize the subadvisory agreements between Davis Advisors and each of the Subadvised Funds' investment advisers, Davis denies the allegations and refers to the text of each such subadvisory agreement, which speaks for itself.  Davis denies any remaining allegations contained in Paragraph 56 of the Complaint.

57.    Davis admits that, with respect to each Subadvised Fund, the subadvisory fees that Davis Advisors receives (or received) for serving as a subadviser to that fund are (or were) paid for by the fund's investment adviser.  Davis denies any remaining allegations contained in Paragraph 57 of the Complaint.

58.    Davis denies the allegations contained in Paragraph 58 of the Complaint.

59.    To the extent that Paragraph 59 contained in the Complaint purports to characterize the subadvisory agreements that are (or were) between Davis Advisors and the Subadvised Funds' investment advisers, Davis denies the allegations and refers to the text of each of those agreements, which speaks (or spoke) for itself.  Davis denies any remaining allegations contained in Paragraph 59 contained in the Complaint.

60.    To the extent that Paragraph 60 contained in the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.  To the extent that a responsive pleading is required, Davis denies the allegations

contained in Paragraph 60 of the Complaint.  To the extent that Paragraph 60 contained in the Complaint purports to characterize a subadvisory agreement, Davis denies the allegations and refers to the text of each of those documents, which speaks (or spoke) for itself.  Davis denies any remaining allegations contained in Paragraph 60 of the Complaint.

61.    Davis denies the allegations contained in Paragraph 61 of the Complaint.

62.    Davis admits that Christopher Davis and Kenneth Feinberg had principal responsibility for providing subadvisory services to the Subadvised Funds from October 1995 through December 31, 2013, and from May 1998 through December 31, 2013, respectively. Davis admits that Christopher Davis and Danton Goei have had principal responsibility for providing subadvisory services to the Subadvised Funds from January 1, 2014 through the present.  Davis denies any remaining allegations contained in Paragraph 62 of the Complaint.

63.    Davis admits that it uses (or used) some of the same strategies and resources (including some of the same systems and technology) in connection with providing subadvisory services to each of the Subadvised Funds that it uses (or used) in connection with providing investment advisory services to the Fund.  Davis denies any remaining allegations contained in Paragraph 63 of the Complaint.

64.    To the extent that Paragraph 64 of the Complaint purports to characterize or quote the Fund's Statement of Additional Information, dated December 3, 2013, Davis denies the allegations and refers to the text of the document, which speaks for itself.  Davis otherwise denies the allegations contained in Paragraph 64 of the Complaint.

65.    Davis admits that the Fund's investment objective is (or was) long-term growth of capital.  Davis denies any remaining allegations contained in Paragraph 65 of the Complaint.

66.     Davis admits that the Fund invests (or invested) primarily in equity securities issued by large companies with market capitalizations of at least $10 billion.  Davis denies any remaining allegations contained in Paragraph 66 of the Complaint.

67.     To the extent that Paragraph 67 of the Complaint purports to characterize or quote the MetLife Davis Venture Value Portfolio prospectus, dated April 29, 2013, Davis denies the allegations and refers to the text of the document, which speaks for itself.  Davis otherwise denies the allegations contained in Paragraph 67 of the Complaint.

68.     To the extent that Paragraph 68 contained in the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.  To the extent a responsive pleading is required, Davis denies the allegations contained in Paragraph 68 of the Complaint.

69.     Davis admits that some of the same legal, compliance, and administrative personnel are (or were) involved in, among other things, providing investment advisory services on behalf of Davis.  Davis denies any remaining allegations contained in Paragraph 69 of the Complaint.

70.     Davis admits that, with respect to each Subadvised Fund, the amount of fees that Davis Advisors receives (or received) from the investment adviser of that fund to serve as the subadviser of the fund is less than the amount of fees that Davis Advisors receives (or received) from the Fund to serve as its investment adviser.  Davis otherwise denies the allegations contained in Paragraph 70 of the Complaint.

71.     Davis admits that the "Fee Schedules" included in Paragraph 71 of the Complaint are accurate, as set forth in public filings for the referenced funds, and refers to the text of each

of those filings, which speaks for itself.  Davis otherwise denies the allegations contained in Paragraph 71 of the Complaint.

72.     As stated in response to Paragraph 71 of the Complaint, Davis admits that the "Fee Schedules" for the referenced funds are set forth in public filings for each fund, and refers to the text of each of those filings, which speaks for itself.  Davis otherwise denies the allegations contained in Paragraph 72 of the Complaint.

73.     Davis denies the allegations contained in Paragraph 73 of the Complaint.

74.     Davis admits that certain of its affiliates provide other services to the Fund pursuant to separate contracts for separate consideration.  Davis otherwise denies the allegations contained in Paragraph 74 of the Complaint.

75.     Davis denies the allegations contained in Paragraph 75 of the Complaint.

76.     Davis admits that the Fund's public filings identify certain individuals who serve as officers or directors of the Fund, as well as officers, directors, shareholders, or employees of Davis.  Davis denies any remaining allegations contained in Paragraph 76 of the Complaint.

77.     Davis admits that those individuals also serve as officers or directors of certain funds managed by Davis.  Davis denies any remaining allegations contained in Paragraph 77 of the Complaint.

78.     Davis denies the allegations contained in Paragraph 78 of the Complaint.

79.     Davis denies the allegations contained in Paragraph 79 of the Complaint.

80.     To the extent that Paragraph 80 contained in the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.  To the extent that a responsive pleading is required, Davis denies those and any other allegations contained in Paragraph 80 of the Complaint.

13

81.     Davis denies the allegations contained in Paragraph 81 of the Complaint.

82.     Davis denies the allegations contained in Paragraph 82 of the Complaint.

83.     Davis denies the allegations contained in Paragraph 83 of the Complaint.

84.     Davis admits that the Fund reports its performance relative to a benchmark index. Davis denies any remaining allegations contained in Paragraph 84 of the Complaint.

85.     Davis admits that the Fund reports its performance relative to the S&P 500 Index, which is an unmanaged index of 500 selected common stocks.   Davis denies any remaining allegations contained in Paragraph 85 of the Complaint.

86.     Davis admits the allegations contained in Paragraph 86 of the Complaint, but avers that the Fund outperformed the S&P 500 Index in 33 of 36 rolling ten-year timeframes for the periods ending December 31st, for each rolling period from inception through 2014.

87.     Davis admits that Morningstar reports the Fund's total returns relative to the total returns of other mutual funds that purportedly use similar investment strategies.  Davis otherwise denies the allegations contained in Paragraph 87 of the Complaint.

88.     Davis admits the allegations contained in Paragraph 88 of the Complaint.

89.     Davis admits the allegations contained in Paragraph 89 of the Complaint, but avers that the Fund outperformed other mutual funds that purportedly use the same investment strategy in 32 of 36 rolling ten-year timeframes for the periods ending December 31st, for each rolling period from inception through 2014.

90.     Davis admits that Morningstar assigns mutual funds ratings of one to five "stars" based on an "enhanced . . . Risk-Adjusted Return measure."   Davis denies any remaining allegations contained in Paragraph 90 of the Complaint.

91.     Davis admits that 10% of the mutual funds within each Morningstar category receive five stars; 22.5% of the funds within the category receive four stars; the 35% of the funds within the category receive three stars; 22.5% of the funds within the category receive two stars; and 10% of the funds within the category receive one star.   Davis denies any remaining allegations contained in Paragraph 91 of the Complaint.

92.     Davis admits that Morningstar assigns ratings to mutual funds for up to three periods:   the trailing three-, five-, and ten-years.   Davis denies any remaining allegations contained in Paragraph 92 of the Complaint.

93.     Davis admits the allegations contained in Paragraph 93 of the Complaint.

94.     Davis admits that, as of May 31, 2014, Morningstar assigned the Fund a rating of one star for the trailing three-year period, but avers that Morningstar ratings vary over time. Davis denies any remaining allegations contained in Paragraph 94 of the Complaint.

95.     Davis admits that, as of May 31, 2014, Morningstar assigned the Fund a rating of two stars for the trailing five- and ten-year periods and assigned the Fund an "overall" rating of two stars, but avers that Morningstar ratings vary over time and that the Fund currently has an "overall" rating of three stars.  Davis denies any remaining allegations contained in Paragraph 95 of the Complaint.

96.     Davis denies the allegations contained in Paragraph 96 of the Complaint.

97.     To the extent that Paragraph 97 contained in the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.   To the extent that a responsive pleading is required, Davis denies the allegations contained in Paragraph 97 of the Complaint.

98.     Davis denies the allegations contained in Paragraph 98 of the Complaint.

99.     Davis admits that some members of the Fund's Board of Directors hold positions at, or serve on the boards of, other companies or institutions.   Davis otherwise denies the allegations contained in Paragraph 99 of the Complaint.

100.    To the extent that Paragraph 100 contained in the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.   Davis admits that the Board meets regularly and that over the course of a year, the Board's activities (in some instances among various committees) include, among other things, review and approval of investment advisory and other service contracts, monitoring fund compliance matters, oversight of daily pricing of security holdings, and approval of the prospectus.   Davis denies any remaining allegations contained in Paragraph 100 of the Complaint.

101.    Davis admits that, when the Board has approved the IAA, the Board has received, among other things, certain information provided by Davis in response to Requests from the Fund's Board.   Davis otherwise denies the allegations contained in Paragraph 101 of the Complaint.

102.    Davis denies the allegations contained in Paragraph 102 of the Complaint.

103.    Davis denies the allegations contained in Paragraph 103 of the Complaint.

104.    Davis admits that the IAA does not contain a "most favored nation" provision. Davis otherwise denies the allegations contained in Paragraph 104 of the Complaint.

105.    Davis denies the allegations contained in Paragraph 105 of the Complaint.

106.    Davis denies the allegations contained in Paragraph 106 of the Complaint.

107.    Davis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.    Davis admits that the IAA does not does not contain a "performance adjustment" provision.  Davis otherwise denies the allegations contained in Paragraph 108 of the Complaint.

109.    Davis admits that the investment advisory fees paid by the Fund are not calculated, waived, or contractually required to be reimbursed in response to its investment performance.   Davis denies any remaining allegations contained in Paragraph 109 of the Complaint.

110.    Davis admits that Davis Advisors has negotiated with the investment advisers of the Subadvised Funds regarding the fees that the investment advisers will pay to Davis Advisors to provide subadvisory services.  Davis otherwise denies the allegations contained in Paragraph 110 of the Complaint.

111.    Davis admits that Davis Advisors has negotiated with the investment advisers of the Subadvised Funds regarding the fees that the investment advisers will pay to Davis Advisors to provide subadvisory services.  Davis denies any remaining allegations contained in Paragraph 111 of the Complaint.

112.    Davis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113.    Davis admits that, before selecting subadvisers, the investment advisers of the Subadvised Funds typically have multiple candidates submit proposals.  Davis otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 113 of the Complaint.

114.    To the extent that Paragraph 114 contained in the Complaint refers to investment advisers other than Davis Advisors, Davis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.  To the

extent that Paragraph 114 of the Complaint refers to Davis Advisors, specifically, Davis denies the allegations contained in Paragraph 114 of the Complaint.

115.    Davis admits that certain of its advisory client relationships were terminated. Davis otherwise denies the allegations contained in Paragraph 115 of the Complaint.

116.    To the extent that Paragraph 116 of the Complaint purports to characterize or quote proxy disclosures filed by the Columbia Variable Portfolio Davis New York Venture Fund with the SEC, Davis denies the allegations and refers to the text of the document(s), which speaks for itself.  Davis denies any remaining allegations contained in Paragraph 116 of the Complaint.

117.    To the extent that Paragraph 117 of the Complaint purports to characterize or quote proxy disclosures filed by the AZL Davis New York Venture Fund with the SEC, Davis denies the allegations and refers to the text of the document(s), which speaks for itself.  Davis denies any remaining allegations contained in Paragraph 117 of the Complaint.

118.    To the extent that Paragraph 118 of the Complaint purports to characterize or quote proxy disclosures filed by the MetLife Davis Venture Value Portfolio with the SEC, Davis denies the allegations and refers to the text of the document(s), which speaks for itself.  Davis denies any remaining allegations contained in Paragraph 118 of the Complaint.

119.    Davis admits that investment advisory fees are paid out of the Fund's assets, and that those fees, like any fund expense, reduce the Fund's net assets.  Davis denies any remaining allegations contained in Paragraph 119 of the Complaint.

120.    Davis denies the allegations contained in Paragraph 120 of the Complaint.

121.    Davis denies the allegations contained in Paragraph 121 of the Complaint.

122.    Davis incorporates its foregoing responses to the allegations contained in the Complaint as though repeated herein.

123.    Davis admits that Plaintiffs purport to bring Count I contained in the Complaint on behalf of and for the benefit of the Fund.  Davis lacks knowledge or information sufficient to form a belief as to whether Plaintiffs are qualified to bring any claims on behalf of and for the benefit of the Fund.

124.    Davis admits the allegations contained in Paragraph 124 of the Complaint.

125.    To the extent that Paragraph 125 contained in the Complaint purports to characterize Section 36(b) of the 1940 Act, Davis denies the allegations and refers to the text of that provision, which speaks for itself.   To the extent that Paragraph 125 contained in the Complaint purports to state conclusions of law, Davis denies the allegations and notes that no responsive pleading is required.

126.    Davis denies the allegations contained in Paragraph 126 of the Complaint.

127.    Davis denies the allegations contained in Paragraph 127 of the Complaint.

128.    Davis admits that Plaintiffs purport to seek certain relief on behalf of the Fund and denies that Plaintiffs are entitled to any such relief.  Davis otherwise denies the allegations contained in Paragraph 128 of the Complaint.

129.    Davis admits that Plaintiffs purport to seek certain relief on behalf of the Fund and denies that Plaintiffs are entitled to any such relief.  Davis denies any remaining allegations contained in Paragraph 129 of the Complaint.

## PRAYER FOR RELIEF

Davis denies each and every allegation contained in the Complaint under the heading "Prayer for Relief."  Davis denies that the Plaintiffs are entitled to any of the requested relief contained in paragraphs A - F of the Complaint's "Prayer for Relief" or to any other relief.

## AFFIRMATIVE DEFENSES

Davis advances the following defenses to the Complaint.  The defenses asserted below will apply, or will not apply, in varying degrees to each Plaintiff, depending upon the particular factual circumstances of each Plaintiff.  Each defense asserted against a claim or requested relief is asserted as to every claim or requested relief, in whole or in part, unless otherwise stated.  By setting forth these defenses, Davis does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches, waiver, estoppel, unclean hands, ratification, disclosure, and/or consent.

## FOURTH DEFENSE

Plaintiffs lack standing to bring the claims asserted in the Complaint.

## FIFTH DEFENSE

To the extent that this action seeks exemplary or punitive damages, any such relief would violate Davis' rights to procedural and substantive due process.

## SIXTH DEFENSE

Davis did not engage in any conduct which would constitute a breach of fiduciary duty.

## SEVENTH DEFENSE

Plaintiffs have not suffered any losses or damages proximately caused by their investment in the Fund or by any breach of fiduciary duty alleged in the Complaint.

## EIGHTH DEFENSE

When Plaintiffs became alleged shareholders of the Fund, they were or should have been aware that a majority of the Board had already approved an advisory fee schedule that provided for compensation to Davis equal to or greater than the compensation Davis now receives. Plaintiffs were fully informed of all material facts concerning investing in the Fund, including the level and calculation of the Fund adviser's compensation, and knowingly entered into the investment.  On this basis, Plaintiffs are estopped and precluded from maintaining this action on behalf of the Fund.

## NINTH DEFENSE

Davis acted at all times and in all respects in good faith and with due care.

## TENTH DEFENSE

The independent directors of the Fund received adequate information from Davis and exercised good faith business judgment in approving the IAA in effect when Plaintiffs allegedly became shareholders, and in subsequently approving renewals of the IAA.

**ELEVENTH DEFENSE**

There is no disaggregation of fees or services under Section 36(b).  Plaintiffs' claims are barred because, as a whole, the investment advisory fee for the Fund is not so disproportionately large that it bears no reasonable relationship to the value of the services provided by Davis.

**TWELFTH DEFENSE**

Plaintiffs may not obtain rescission under Section 47(b) of the 1940 Act, 15 U.S.C. § 80a-46(b) because Section 47(b) creates a remedy rather than a distinct cause of action or basis of liability, and rescission is not available as a remedy for purported violations of Section 36(b). Further, Plaintiffs lack standing to pursue a request for rescission.  Thus, any claim for rescission is barred.

**THIRTEENTH DEFENSE**

Plaintiffs are not entitled to a jury trial for an alleged violation of Section 36(b) of the 1940 Act.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any alleged losses.

**FIFTEENTH DEFENSE**

Plaintiffs are or may be inadequate purported representatives of the Fund.  Further, to the extent that Section 36(b) does not permit Defendants to test Plaintiffs' adequacy as representatives of the Fund and/or its shareholders, the statute violates Defendants' due process rights and is unconstitutional.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by issue and/or claim preclusion.  Similar

Section 36(b) claims regarding the Fund (including similar allegations regarding the Fund's

performance and directors, as well as comparisons between the Fund's fees and those of

supposedly comparable mutual funds), were asserted under Section 36(b) of the 1940 Act and

dismissed with prejudice in Turner v. Davis Selected Advisers, L.P., Civ. No. 08-421 (D. Ariz.

filed July 28, 2008) (motion to dismiss granted on June 1, 2011; motion for leave to amend

denied on Mar. 13, 2013); aff'd Dckt. No. 13-15742  (9th Cir. Sept. 29, 2015).

## RESERVATION OF RIGHTS

Davis reserves the right to assert, and hereby gives notice that it intends to rely upon, any

other defense that may become available or appear during discovery or otherwise in this case and

hereby reserves the right to amend its Answer to assert such defenses.


Dated:  December 23, 2015                    Respectfully submitted,

                                             By:  /s/  Stephen G. Topetzes

                                             **K&L GATES LLP**
                                             Joanna A. Diakos
                                             Sarah P. Kenney
                                             599 Lexington Avenue
                                             New York, NY 10022
                                             Tel:  (212) 536-3900
                                             Fax:  (212) 536-3901
                                             joanna.diakos@klgates.com
                                             sarah.kenney@klgates.com

                                             - and -

                                             Stephen G. Topetzes (*pro hac vice*)
                                             Jeffrey B. Maletta (*pro hac vice*)
                                             Nicholas G. Terris
                                             Nicole A. Baker (*pro hac vice*)
                                             Amy J. Eldridge (*pro hac vice*)

1601 K Street NW
Washington, D.C. 20006
Tel:  (202) 778-9000
Fax:  (202) 778-9100
stephen.topetzes@klgates.com
jeffrey.maletta@klgates.com
nicholas.terris@klgates.com
nicole.baker@klgates.com
amy.eldridge@klgates.com

*Counsel for Defendants*